# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA L. SMITH and | ) | |
| KYLE T. SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-948-M |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiffs' Motion for Attorney Fees, filed October 18, 2016. On November 8, 2016, defendant filed its response, and on November 14, 2016, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

On August 19, 2016, defendant removed this action to this Court. On September 8, 2016, plaintiffs filed a motion to remand, asserting that the removal of this case was untimely. Defendant filed no response to plaintiffs' motion to remand, and on October 5, 2016, the Court granted plaintiffs' motion to remand and remanded this case to the District Court of Cleveland County, State of Oklahoma. Pursuant to 28 U.S.C. § 1447(c), plaintiffs now move this Court for an award of attorney fees associated with the motion to remand.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "No showing of bad faith is necessary to justify the award. What *is* required to award fees, however, is a showing that the removal was improper *ab initio*." *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (internal quotations and citation omitted) (emphasis in original). Further, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an

objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

In its response, defendant asserts that while the noted grounds for removal were based on federal question jurisdiction, there was an objective reasonable basis for diversity jurisdiction under 28 U.S.C. § 1332 at the time of removal. Having reviewed the parties' submissions, as well as the pleadings in this case, the Court finds that defendant did not have an objectively reasonable basis for removal at the time it filed its notice of removal and that the removal of this case was improper *ab initio*. Specifically, the Court finds that plaintiffs' Petition filed in December 2015 clearly put defendant on notice that this case was removable based both on federal question jurisdiction and diversity jurisdiction. Thus, defendant's notice of removal, filed approximately eight months after plaintiffs' Petition was filed, was clearly improper. Accordingly, the Court finds that plaintiffs are entitled to an award of attorney fees.

Additionally, in its response, defendant asserts that the amounts sought by plaintiffs are not reasonable. Having carefully reviewed the parties' submissions, and particularly the Affidavit of Paul Catalano and the invoice for the services performed, both attached to plaintiffs' Motion for Attorney Fees, the Court finds that the amount of attorney fees sought by plaintiffs – $3435.00 – is reasonable. Specifically, the Court finds that the 13.8 hours spent by plaintiffs' counsel in relation to the motion to remand were reasonable. The Court also finds that the hourly rates of plaintiffs' counsel are reasonable, prevailing fair market rates in the Western District of Oklahoma.

Accordingly, the Court GRANTS plaintiffs' Motion for Attorney Fees [docket no. 8] and AWARDS attorney fees in the amount of $3435.00.

**IT IS SO ORDERED this 7th day of February, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE